[Civ. No. 10707. First Appellate District, Division Two.—February 21, 1939.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v. SAMUEL L. CARPENTER, Jr., Insurance Commissioner, etc., Appellant.

U. S. Webb, Attorney-General, and Neil Cunningham, Deputy Attorney-General, for Appellant.

Burbank & Laumeister for Respondent.

NOURSE, P. J.—Plaintiff had a permanent injunction restraining the defendant, as insurance commissioner, from including membership fees collected by plaintiff in the annual report of "gross premiums" for tax purposes. The cause was heard upon answer filed and the record contains the evidence on this issue of fact. The parties waived findings. On this record we assume that the evidence supports the judgment on all issues of fact raised.

 The controversy rests on section 14 of article XIII of the Constitution and sections 900–909 of the Insurance Code, which take the place of the Political Code sections in force at the time, but which are of the same purport and hence referred to for convenience. The constitutional provision reads in part: "Every insurance company . . . shall annually pay to the state a tax, . . . upon the amount of the gross premiums received from its business done in this state. . . ." Section 909 provides that the annual statement required by section 905 of the code shall show the income of the company during the preceding year specifying: "(1) Cash premiums received. (2) Notes received from premiums. (3) Interest money received, specifying the source. (4) Income received from all other sources, specifying the source." The question thus arises whether the company may specify the income received from membership fees separately from the "cash premiums received", and whether the former should be included in the "gross premiums" and thus become subject to the constitutional tax.

In resolving the issue in favor of the respondent the learned trial judge expressed his reasons in a memorandum opinion with which we are in full accord and which we adopt as our reasons for an affirmance of the judgment. This reads: "Are the membership fees here involved a part of the gross premiums of plaintiff within the meaning of California Constitution, Section 14, Article XIII?

"There can be no question that in ordinary usage 'the word "premium" in the law of insurance . . . means the

amount paid to the company as consideration for insurance'. (32 C. J., p. 1192, Sec. 324; 14 Cal. Jur., p. 469, Sec. 42.)

"Under the testimony in this case (affidavit of Beedle admitted by stipulation) and the language of the application and policy I am satisfied that the membership fee is no part of the consideration for the insurance.

"However, it is argued that under *Bankers Life Co.* v. *Richardson,* 192 Cal. 113 [218 Pac. 586], it has been held that the tax on insurance companies under the constitution is a 'gross earnings' tax and hence includes these membership fees whether premiums or not. But the language in the Bankers Life case must be read in connection with the point actually decided, i. e., whether 'assessments', where insurance was written on the assessment plan, were taxable as 'gross premiums'. Considering the legislative history the court held that they were, and in so doing characterized the tax as a 'gross earnings tax'. But it must be remembered that 'assessments' in that plan of insurance are equally the price paid for the insurance coverage, as are 'premiums' in the ordinary policy; and I do not feel that the Supreme Court meant to go further in characterizing the tax as a 'gross earnings tax' than to mean gross earnings from the writing of insurance. So construed it would not cover the membership fees here in question."

The statement in the memorandum that the membership fee is no part of the consideration for the insurance is fully supported by substantial evidence, and this would be conclusive upon this appeal even if findings had not been waived. (*Lucas* v. *City of Los Angeles,* 10 Cal. (2d) 476 [75 Pac. (2d) 599].) It appears from the reporter's transcript without controversy or dispute that these membership fees are charged to all applicants for membership, that, though a membership entitles the holder to apply for insurance, it does not entitle him to receive it, and that the membership fees paid are not returnable if insurance is rejected. It appears equally that if the member elects to exercise his option he may purchase insurance upon payment of the required premium, but that if he does not so elect, and does not pay the specified "premium", he receives no insurance protection.

This evidence, taken with all the inferences which are available to respondent, is sufficient to support the implied finding of the trial court that the membership fees are no

part of the consideration for the insurance, and hence are not to be included in the specification of ''gross premiums'' as contemplated by section 14 of article XIII of the Constitution.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 20, 1939. Curtis, J., and Edmonds, J., voted for a hearing.